Paul B. Meadowbrook, P.C.
913 1st Ave. E.
Albany, OR 97321
Tel (541) 791-4544
Fax (541) 791-4710
OSB No. 793226
paul@paulmeadowbrook.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ANNETTE O'FARRELL,<br><br>  Plaintiff,<br><br>v.<br><br>LEBANON AREA HABITAT FOR HUMANITY, and Oregon nonprofit corporation, and KRISTINA BRESHEARS,<br><br>  Defendants | No. 6:19-cv-765<br><br>COMPLAINT<br><br>(FLSA and unlawful employment practices)<br><br><u>Jury trial demanded</u> |

### JURISDICTION AND VENUE

1.   This is a civil action for declaratory and injunctive relief, back wages, penalties and liquidated damages, attorney fees and costs for violating the Fair Labor Standards Act by ("FLSA"), 29 U.S.C. §§ 206 and 216, by not paying the correct hourly rate for all time worked, and violating 29 U.S.C. § 215 by retaliating against plaintiff for opposing wage and hour violations under the 29 U.S.C. § 216.

2.   This civil action includes supplemental state claims for violating ORS 652.140 and 652.150 by not paying the correct hourly rate or for all time worked and for retaliating against plaintiff Annette O'Farrell (O'Farrell) in violation of ORS 659A.030(1)(f) and (g) and ORS 659A.199 for opposing violations of FLSA, the

Oregon Safe Employment Act, ORS 654.001 to 654.295, 654.412 to 654.423, 654.750 to 654.780 and 654.991, and ORS 652.140 and 652.150.

3. O'Farrell resides in Lebanon in Linn County, Oregon.

4. Defendant Lebanon Area Habitat for Humanity (Habitat) is an Oregon nonprofit corporation headquartered in Lebanon, Linn County, Oregon.

5. Defendant Kristina Breshears (Breshears) is Humanity's executive director and is named in her individual capacity as a "person" within the meaning of ORS 659A.030(1)(f) and (g).

6. Jurisdiction for federal claims is provided by 28 U.S.C. §§ 1331, 1332(e)(1) 1343(3) and (4) and 1337, 2201 and 2202.

7. Jurisdiction over supplemental state claims is provided by 28 U.S.C. §§ 1332 and 1367.

8. Venue is appropriate in the Eugene Division of United States District Court for the District of Oregon under 28 U.S.C. § 1391(b) and LR 3-2.

FIRST CLAIM

(FLSA WAGE CLAIM)

9. O'Farrell realleges paragraphs 1 to 5.

10. O'Farrell worked for Habitat from January 2, 2014 to May 30, 2018 as an hourly employee.

11. Habitat increased O'Farrell's regular hourly rate to $10.75 on July 1, 2016 based on longevity and productivity.

12. Habitat on Breshears's recommendation fired O'Farrell May 30, 2018.

13. Habitat provided O'Farrell a final check without specifying the gross amount or itemizing payroll deductions.

14. Subject to change as discovery in the case proceeds, Habitat owes O'Farrell wages estimated to total $2,500 because Habitat erroneously used an hourly wage of $10.25 rather than $10.75, refused to pay wages for lunch breaks that were not duty free, and failed to pay wages for work that Habitat directed or

Paul B. Paul B. Meadowbrook, P.C. - Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
paul@paulmeadowbrook.com

Paul B. Paul B. Meadowbrook, P.C. - Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
paul@paulmeadowbrook.com

suffered to be performed, including without limitation for time spent revising Habitat policies, work before normal Habitat's ReStore hours to receive donations, "working" lunches and lunches when not relieved of all job duties.

15. Habitat actions of 29 U.S.C. § 206 and 216 were wilful, entitling O'Farrell to $2,500 liquidated damages, plus reasonable attorney fees and court costs to be determined by the court pursuant to 29 U.S.C. § 216 and 28 U.S.C. §§1920 and 1923.

SECOND CLAIM

(FLSA ANTI-DISCRIMINATION CLAIM)

16. O'Farrell realleges paragraphs 9 to 15.

17. O'Farrell complained to Breshears and Habitat's board members orally as well through her counsel's letter to defendants dated May 31, 2017 attached hereto as Exhibit 1.

18. Defendants, -- and especially Breshears -- retaliated against O'Farrell for complaining by reducing O'Farrell's work hours, removing lead duties, ostracizing her, removing her work computer needed for her job, and encouraging and allowing co-workers to treat her disrespectfully, contrary to Habitat's written policies.

19. When O'Farrell refused to quit in response to retaliatory actions Defendants discharged O'Farrell on May 30, 2018.

20. Defendant's actions violated 29 U.S.C. § 215(a)(3).

21. Defendant's actions caused O"Farrell to lose wages, entitling her to economic damages of $11,610 plus $11,610 liquidated damages pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b).

22. O'Farrell incurred attorney fees and costs and is entitled to reasonable attorney fees and costs to be determined by the court pursuant to 29 U.S.C. § 216 and 28 U.S.C. §§1920 and 1923.

/ / /

/ / /

### THIRD CLAIM
### (OREGON WAGE AND HOUR CLAIM)

23. Reallege paragraphs 5 to 13.

24. O'Farrell is entitled to economic damages of $11,610 for unpaid wages, for penalty wages of $29,068 plus $86 each day starting May 4, 2019 and continuing until wages are paid in full, plus reasonable attorney fees and costs determined by the court under ORS 653.140 and ORS 652.150, ORS 652.200 and 28 U.S.C. §§1920 and 1923.

### FOURTH CLAIM
### (OREGON UNLAWFUL EMPLOYMENT CLAIM)

25. O'Farrell realleges paragraphs 16 to 23 and 24 to 25.

26. The same actions that constitute retaliation for asserting wage claims under federal law constitutes retaliation for reporting and opposing violations of state and federal wage laws under ORS 659A.199 and ORS 659A.030(1)(f) and (g).

27. ORS 659A.659A.030(1)(f) and (g) make it unlawful for "any person to discharge, expel or otherwise discriminate against any other person because that other person has reported or opposed any unlawful practice."

28. In this case O'Farrell opposed violations of state and federal wage statutes orally and through counsel.

29. ORS 659A.030(1)(g) makes it unlawful for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.

30. In this case Breshears initiated and led the retaliation against O'Farrell, removing O'Farrell's duties, encouraging O'Farrell's co-workers and Breshears' subordinates to make the workplace hostile to O'Farrell and when O'Farrell refused to quit Breshears recommended and induced Habitat's board to approve Breshears' recommendation to fire O'Farrell.

31. As a result of retaliation O'Farrell lost wages and professional

Paul B. Paul B. Meadowbrook, P.C. - Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
paul@paulmeadowbrook.com

reputation, for which she is entitled to $25,000 joint and several economic damages from defendants under ORS 659A.885.

32. As a result of her discharge O"Farrell suffered repeated humiliation and severe mental and emotional distress for which she is entitled to $25,000 joint and several noneconomic damages from defendants under ORS 659A.885.

33. Defendants' unlawful conduct was knowingly malicious, and taken knowing that O'Farrell was a single mother living in a Habitat house who lived from paycheck to paycheck, and that firing would be painful and might cause her to default and lose her house.

34. Because of the malice O'Farrell is entitled to an award of $100,000 punitive damages jointly and severally against defendants under ORS 659A.885 to dissuade defendants and other employers in concert with defendants from trying to crush employees who dare to assert statutory rights.

35. O'Farrell incurred and is entitled to her reasonable costs and disbursements pursuant to ORS 659A.885 and 28 U.S.C. §§1920 and 1923.

PRAYER

Wherefore, O'Farrell prays for judgment for her and against defendants jointly and severally as follows:

1. First Claim: $2,500 back wages, $2,500 liquidated damages plus reasonable attorney fees and costs determined by the court.

2. Second Claim: $11,610 economic damages, $11,610 liquidated damages, plus reasonable attorney fees and court costs to be determined by the court.

3. Third Claim: $2,500 wages, $29,068 accrued penalty wages plus $86 per day penalty wages on and after May 4, 2019 until unpaid wages are paid in full plus reasonable attorney fees and costs determined by the court.

/ / /

/ / /

/ / /

Paul B. Paul B. Meadowbrook, P.C. - Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
paul@paulmeadowbrook.com

4. Fourth Claim: $25,000 economic damages, $25,100 non-economic damages, and reasonable attorney fees and costs determined by the court.

May 7, 2019                                /s/ Paul B. Meadowbrook
                                           Paul B. Meadowbrook, OSB No. 793226
                                           Attorneys for Plaintiff

Paul B. Paul B. Meadowbrook, P.C. - Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544 - Fax (541) 791-4710
paul@paulmeadowbrook.com

PAGE 6                                                      COMPLAINT
                                     O'Farrell v. Lebanon Area Habitat for Humanity